UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
DAVID MORALES,                          )
                                        )
           Plaintiff,                   )
                                        )
      v.                                )        Civil Action No. 08-1463 (PLF)
                                        )
LANDIS CONSTRUCTION CORP., et al.,      )
                                        )
           Defendants.                  )
_____)


MEMORANDUM OPINION

The plaintiff, David Morales, alleges that defendants, Landis Construction

Coporation, Ethan Landis, and Christopher Landis, violated the Fair Labor Standards Act, the

District of Columbia Minimum Wage Revision Act, and the District of Columbia Wage Payment

and Collection law by failing to pay plaintiff time-and-one-half for overtime work.  This matter

currently is before the Court on plaintiff's motion for summary judgment, plaintiff's motion for

*in camera* inspection of documents, defendant's motion for leave to file an amended answer, and

defendant's motion to strike plaintiff's reply in support of his motion for summary judgment.


I.  BACKGROUND

Plaintiff worked for defendants from either March or May 2005 through

November 2007, although, according to defendants' payroll records, plaintiff was not employed

by defendant from September 2005 through March 2006.  See Plaintiff's Motion for Summary

Judgment ("Mot."), Statement of Undisputed Material Facts ("Pl. Facts") ¶ 1; Defendants'

Opposition to Plaintiff's Motion for Summary Judgment ("Opp."), Response to Plaintiff's

Statement of Material Facts ("Def. Facts") ¶ 1.[1]  Plaintiff states that he typically was scheduled to work between eight and ten hours per day, five to six days per week.  See Pl. Facts ¶ 3. Defendant Ethan Landis submitted a declaration stating that plaintiff's regular schedule was eight hours per day, five days per week.  See Opp., Declaration of Ethan Landis ("Landis Decl.") ¶ 3. Plaintiff's work shifts were recorded on time sheets.  See Pl. Facts ¶ 4; Landis Decl. ¶ 4. Defendants paid plaintiff on an hourly basis, and his weekly pay depended on the number of hours he worked.  See Pl. Facts ¶¶ 11-12; Def. Facts ¶¶ 11-12.  Plaintiff's final hourly wage from defendants was $19 per hour, although the parties disagree about the hourly wage he received earlier in his employment.  See Pl. Facts ¶ 13; Def. Facts ¶ 13.

Defendants agree that they failed to pay plaintiff time-and-one-half for a total of 25 hours of overtime over the course of his employment.  See Def. Facts. ¶ 14.  Plaintiff asserts that the total number of unpaid overtime hours is 150.5 (although he does not include this total amount in his filings anywhere other than in an exhibit to his reply brief in support of his motion for summary judgment).  See Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment ("Rep."), Ex. 1.  The parties agree that their dispute is about the total amount of overtime pay that defendants owe to plaintiff.

## II.  STANDARD OF REVIEW

Summary judgment may be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any

---

[1]  In their proposed amended answer, defendants say plaintiff's dates of employment were from May 19, 2005 to September 5, 2005, and again from March 19, 2006 to November 23, 2007.  See infra at 8.

material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.

56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v.

Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  "A fact is 'material' if a dispute over it might affect

the outcome of a suit under the governing law; factual disputes that are 'irrelevant or

unnecessary' do not affect the summary judgment determination."  Holcomb v. Powell, 433 F.3d

at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248).  An issue is "genuine" if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Scott

v. Harris, 550 U.S. 372, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb

v. Powell, 433 F.3d at 895.  When a motion for summary judgment is under consideration, "the

evidence of the non-movant[s] is to be believed, and all justifiable inferences are to be drawn in

[their] favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac

Electric Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hospital Center,

156 F.3d 1284, 1288 (D.C. Cir. 1998) (en banc); Washington Post Co. v. U.S. Dep't of Health

and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989).  On a motion for summary judgment,

the Court must "eschew making credibility determinations or weighing the evidence."  Czekalski

v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

        The nonmoving party's opposition, however, must consist of more than mere

unsupported allegations or denials and must be supported by affidavits, declarations or other

competent evidence, setting forth specific facts showing that there is a genuine issue for trial.

FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  They are required to

provide evidence that would permit a reasonable jury to find in their favor.  Laningham v. United

States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987).  If the nonmovants' evidence is "merely

colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 550 U.S. at 380 ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'") (quoting Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

### A. Summary Judgment[2]

Plaintiff's three statutory claims all arise from defendants' alleged failure to pay him adequate compensation for the hours of overtime that he worked. The Fair Labor Standards Act ("FLSA") requires, among other things, that employers pay any employee who is covered by the FLSA "not less than one and one-half times the regular rate at which he is employed" for all hours worked in excess of forty in a week. 29 U.S.C. § 207(a)(1). See also Hunter v. Sprint Corp., 453 F. Supp. 2d 44, 50 (D.D.C. 2006). The District of Columbia Minimum Wage Revision Act has similar requirements. See D.C. Code § 32-1003(c) ("No employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1 1/2 times the regular rate at which the employee is employed."). The District of Columbia Wage Payment and Collection Law requires that an employer pay the outstanding wages of an employee who has been discharged or who has resigned within four days of the date of discharge or resignation.

---

[2]     Resolution of defendants' motion for leave to file an amended answer does not affect the Court's analysis of plaintiff's motion for summary judgment. Accordingly, the Court will address the motion for leave to file an amended answer after resolution of the motion for summary judgment.

D.C. Code § 32-1303(1). The parties agree that defendants owe plaintiff some amount of overtime pay. Defendants assert that they owe plaintiff for a total of 25 hours of unpaid overtime. See Def. Facts ¶ 14. Plaintiff asserts that defendants owe him compensation for 150.5 hours of unpaid overtime as well as liquidated damages. See Rep., Ex. 1.

Although plaintiff acknowledges that a genuine dispute exists regarding the amount of overtime owed, he argues that he is entitled to a presumption that his calculation of unpaid overtime hours is correct because defendants' records are inadequate. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946) (using such a presumption); Arias v. United States Serv. Indus., 80 F.3d 509, 511-12 (D.C. Cir. 1996) (same). In support of his argument that defendants' time records are inadequate or inaccurate, plaintiff asserts that some of the time sheets produced in discovery reflect jobs that plaintiff did not work or do not reflect projects on which he worked. In addition, plaintiff asserts that defendants "falsified" his time sheets because the time sheets he reviewed do not all have the project manager's signature on them. See Pl. Facts ¶ 10; Mot., Affidavit of Nathan Lindell ¶ 11. Plaintiff also argues that the reliability of defendants' time sheets is in doubt because he believes that they do not always include his original signature, but rather they include a photocopy of his signature or lack his signature completely. See Mot., Memorandum in Support at 4.

In response to plaintiff's argument that the time records are unreliable, defendants rely on the declaration of Ethan Landis, in which Mr. Landis denies that the time sheets are inadequate. In particular, he states that time sheets are not always required to have the project manager's signature, and when no such signature exists, the company verifies the hours worked by phone prior to issuing a paycheck. See Landis Decl. ¶ 4. He also states that none of the

signatures on the time sheets has been altered or forged and that the time sheets were not falsified in any way. See id. ¶¶ 4, 10.[3] He states that it is not true that the time sheets fail to reflect certain work actually performed by plaintiff. See id. ¶ 9. Taking all of Mr. Landis's statements as accurate, as the Court must at this stage, there is no basis to determine as a matter of fact or law that defendants' time sheets are inaccurate or unreliable. The Court therefore cannot afford plaintiff's calculation of overtime hours the presumption of accuracy that he seeks. The cases he cites do not require the Court to do so in circumstances like those presented here. See, e.g., Anderson v. Mt. Clemens Pottery Co., 328 U.S. at 687-88. A genuine issue of material fact exists as to how many overtime hours plaintiff worked for the relevant time period.[4] The Court therefore cannot grant summary judgment for plaintiff.

In his reply brief, plaintiff suggests that the parties be referred to mediation for the purpose of resolving the amount of unpaid compensation owed to plaintiff. See Rep. at 4. The Court agrees that doing so would be prudent, and will order the parties to file a joint statement regarding whether they prefer to be referred to the court-sponsored mediation program or randomly to a magistrate judge for settlement discussions.

---

[3] Plaintiff's Motion for an *In Camera* Inspection of Documents seeks to have the Court review these time sheets in order to determine whether Mr. Morales's signature is authentic. Such a resolution of a disputed issue of fact is inappropriate on a motion for summary judgment. Accordingly, the Court will deny the motion.

[4] Defendants move to strike the section of the reply brief and accompanying exhibit in which plaintiff identifies for the first time the specific dates and hours when he allegedly worked more than 40 hours per week. See Defendants' Motion to Strike Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment or for Leave to Sur-Reply at 1. In its analysis of plaintiff's motion for summary judgment, the Court did not, however, rely on the specific number of hours for which plaintiff asserts he is due overtime. Defendants' motion therefore will be denied as moot.

## B. Defendants' Motion for Leave to File an Amended Answer

Defendants move for leave to file an amended answer to plaintiff's first amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure allows for liberal amendment of pleadings, "when justice so requires." FED. R. CIV. P. 15(a); see, e.g., Howard v. Gutierrez, 237 F.R.D. 310, 312 (D.D.C. 2006) (quoting Davis v. Liberty Mutual Insurace Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989) ("It is common ground that Rule 15 embodies a generally favorable policy toward amendments.") (citations omitted)). The presumption runs in favor of permitting defendants to amend their answer "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the [defendant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendants explain that they wish to amend their answer because "[i]n their original answer, defendants admitted plaintiff's approximate dates of employment and his hourly rate. Upon re-examination of plaintiff's payroll records for defendants' opposition to plaintiff's motion for summary judgment, defendants discovered that the dates of employment and hourly rates" were different than the ones they originally admitted. See Defendants' Motion for Leave to File an Amended Answer at 1. Defendants now deny that plaintiff worked for them from March 2005 to November 2007. Instead they state that plaintiff's dates of employments were May 19, 2005 to September 5, 2005, and March 19, 2006 to November 23, 2007. See id., Ex. 1 ("Amended Answer to First Amended Complaint") ¶ 9. They also deny that plaintiff's hourly

wage was $19 per hour, and instead to answer that plaintiff's "hourly rate was $16.50 for 2005, $18.00 for 2006 and $19.00 for 2007." Id. ¶ 19.

Plaintiff opposes the motion on the ground that defendants' proposed amendments are prejudicial and futile. As to prejudice, plaintiff argues that because he did not learn that defendants disagreed with his stated hourly wage until after the completion of discovery, he was not able to take discovery on this discrepancy. In order to ameliorate any such prejudice, the Court will permit plaintiff to take additional limited discovery regarding plaintiff's hourly wage. Plaintiff may move to do so — and the Court will grant such a motion — if he feels that it is necessary. But the Court does not agree that any resulting prejudice is a reason to bind defendants to what they now believe is a factually incorrect answer.

As to futility, plaintiff argues that the statute of limitations bars any recovery for unpaid overtime accrued more than three years prior to the commencement of litigation. The lawsuit was filed on August 22, 2008. According to plaintiff, therefore, it does not matter whether he began his employment with defendants in March 2005 or in May 2005, because any recovery for hours worked prior to August 22, 2005 would be barred. Plaintiff ignores the fact, however, that defendants also seek to amend their answer to state that plaintiff did not work for them for a time period from September 2005 through March 2006, a time period which would not be barred by the statute of limitations. The Court concludes that the proposed amendment is not futile. It will grant defendants' motion.

## IV. CONCLUSION

For the reasons stated above, the Court will deny plaintiff's motion for summary judgment, will grant defendants' motion for leave to file an amended answer, will deny plaintiff's motion for an in camera review of documents, and will deny as moot defendants' motion to strike. An Order consistent with this Memorandum Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 4, 2010